**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOEL THOMAS,

    Defendant - Appellant.

No. 25-1280
(D.C. No. 1:19-CR-00397-CNS-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BACHARACH**, and **ROSSMAN**, Circuit Judges.
_____

In 2020, Joel Thomas pled guilty to one count of access with intent to view child pornography and was sentenced to 48 months in prison, followed by five years of supervised release. He commenced his term of supervised release in 2023, but the probation office filed a petition to revoke it in 2024. Mr. Thomas then entered into a plea agreement with the government, agreeing to admit to the violations of supervised release set forth in the revocation petition, and to admit that the government could prove he committed a new crime of access with intent to view child pornography. He also agreed to the government's requested sentence of five

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

years in prison, and to waive his right to appeal. The district court sentenced Mr. Thomas to the agreed-upon sentence of imprisonment, followed by a ten-year term of supervised release that included standard and special conditions of release.

Proceeding pro se,[1] Mr. Thomas filed a notice of appeal. The government moves to enforce the appeal waiver in the plea agreement under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc). We grant the government's motion and dismiss this appeal.

In determining whether to enforce an appeal waiver under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. The government argues Mr. Thomas's appeal is within the scope of the waiver, he knowingly and voluntarily waived his appeal rights, and enforcing the waiver would not result in a miscarriage of justice.

Mr. Thomas filed a response and an addendum to his response. In his filings, he argues his appeal of his supervised release conditions is outside the scope of the waiver, and enforcing the waiver would result in a miscarriage of justice. Because he does not dispute the government's contention that his waiver was knowing and voluntary, we need not address that *Hahn* factor. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

---

[1] Mr. Thomas was represented by counsel during the plea negotiations and the supervised-release violation hearing.

*Scope of the Waiver*

Our inquiry is to ascertain the waiver's scope according to its plain language. *See, e.g.*, *id.* at 1142-43 (performing a *Hahn* scope-of-the-waiver analysis and focusing on "the plain language of the plea agreement"). "In determining a waiver's scope, we will strictly construe appeal waivers and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights." *Hahn*, 359 F.3d at 1325 (brackets and internal quotation marks omitted).

The waiver in the plea agreement states that Mr. Thomas "knowingly and voluntarily waives the right to appeal the sentence imposed upon revocation of supervised release in connection with the pending revocation petition, unless the sentence exceeds five years, or the government appeals this case." Mot. to Enforce, Attach. 1 at 2-3 (citation omitted). Mr. Thomas argues that his appellate waiver did not encompass "the waiver of [the] right to appeal a supervised release condition pursuant to [18 U.S.C.] § 3583(e)(2)." Addendum to Resp. at 3. He therefore contends his appeal is outside the scope of the waiver. But § 3583(e)(2) applies to modifications of conditions of supervised release, and that is not what happened here. The district court imposed a sentence upon revocation of supervised release, and the conditions it imposed are part of that sentence. *See United States v. Sandoval*, 477 F.3d 1204, 1207 (10th Cir. 2007) ("Supervised-release conditions are part of the sentence[.]"). By challenging his conditions of supervised release, Mr. Thomas is challenging his sentence. But his waiver covers all challenges to his sentence, unless his sentence exceeded five years or the

government appealed—neither of which happened. His appeal therefore falls within the scope of his waiver.

*Miscarriage of Justice*

In *Hahn*, we held that enforcement of an appeal waiver does not result in a miscarriage of justice unless it would result in one of four enumerated situations. 359 F.3d at 1327. Those four situations are: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* (brackets in original) (internal quotation marks omitted).

Mr. Thomas states he wants to challenge the constitutionality and legality of specific conditions of supervised release. He contends that "[a]llowing the district court['s] imposition of these supervised release conditions to go unchallenged[] will result in direct violation of the law." Resp. at 3. And he further argues it "will impact and tarnish the fairness and integrity of judicial proceedings, creating a miscarriage of justice." *Id.*

Mr. Thomas does not address the four situations that could lead to a miscarriage of justice, but we do not see how any of them could apply here. The district court did not rely on any impermissible factor, such as race; there is no allegation of ineffective assistance of counsel; his sentence did not exceed the statutory maximum; and his waiver is not otherwise unlawful. Even if we were to liberally construe his argument about the lawfulness of his sentence as challenging

4

the waiver, "[o]ur inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible." *Sandoval*, 477 F.3d at 1208. And Mr. Thomas has not made any argument that there was procedural error or that no waiver was possible. "An appeal waiver is not 'unlawful' merely because the claimed error would, in the absence of waiver, be appealable." *Id.*

Mr. Thomas does not dispute that his waiver was knowing and voluntary. We conclude his appeal falls within the scope of his appeal waiver, and enforcing his waiver would not result in a miscarriage of justice.

Accordingly, we grant the government's motion and dismiss this appeal. We also grant Mr. Thomas's motion to proceed on appeal without prepayment of costs or fees. Finally, we grant Mr. Thomas's motion to withdraw or dismiss the motion he filed for an extension of time (docket entry 23), and we dismiss that motion for extension of time (docket entry 21).

Entered for the Court

Per Curiam

5